McCARTHY BROS. CONST. CO. v. UNITED STATES.

No. 45998.

Court of Claims.

March 3, 1947.

Clifford B. Kimberly, of Kansas City, Mo. (J. L. Milligan, Thomas E. Deacy and

Milligan, Kimberly & Deacy, all of Kansas City, Mo., on the brief), for plaintiff.

Henry Weihofen, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and WHITAKER, MADDEN, JONES, and LITTLETON, Judges.

WHITAKER, Judge.

Plaintiff had a contract for the erection of some buildings in the Canal Zone. It sues for two items of increased costs and for the value of certain buildings which it had erected at the site and which were taken over by the Government.

■ It is clear that plaintiff is not entitled to recover on the first two items. The first one is for an increase in ocean freight rates; but there was no provision in the contract for the payment of any such increase. When plaintiff submitted its bid it asked that consideration be given to a provision for an increase in compensation if there should be an increase in ocean freight rates, but it forbore to make this a condition of its bid for fear that if it did so its bid would be rejected. Such a provision was not included in the contract and, hence, plaintiff is not entitled to recover on this item.

■ The second item is for an increase in the cost of sand which plaintiff says it was necessary for it to purchase at places other than the Panama Railroad Company, from which it was contemplated it would get its sand. This company during a certain period of the contract did fail to deliver sufficient sand to plaintiff as soon as it was needed. In such event, the contract provided for the payment of the increased cost of obtaining the sand at other places if the contracting officer should approve of its purchase elsewhere.

In one instance when there was a shortage of sand the plaintiff secured it elsewhere, at an increased cost of $100.00, without seeking the approval of the contracting officer. In the other instance it sought the approval of the contracting officer, but this was denied, apparently not without good reason.

Plaintiff is not entitled to recover on this item.

The third item is not quite so easy of solution. It is plaintiff's claim for the value of buildings it erected adjacent to the site of the work and which were taken over by the defendant at the conclusion of the work, over plaintiff's protest.

Plaintiff had erected these buildings to house those of its employees whom it had brought from the States, since other living accommodations were not available at reasonable prices. They were erected on Government property, which was under the jurisdiction of the Commandant of the submarine base.

The Commandant was loath to give his permission for their erection, but finally did so, with the understanding that at the conclusion of the work they were to be removed or left on the reservation at the election of the naval commander.

Before they were erected plaintiff learned that another contractor, Robert McKee, had completed his work and was preparing to vacate the buildings which he had erected on the site with the same understanding as that demanded of plaintiff. Plaintiff arranged to purchase these buildings, subject to the approval of the naval commander. This approval was given, with the understanding that at the conclusion of the contract or by June 30, 1941, whichever date was the earlier, "you will remove these quarters or turn same over to the Government as directed." Plaintiff was also given permission to erect three or four additional houses "subject to above conditions of removal or abandonment."

After the work was finished the Commandant decided he wanted to use the buildings for naval personnel and, hence, he directed the plaintiff to leave them on the reservation. Plaintiff wanted to use the buildings elsewhere and protested the Commandant's order for it to leave them. The Commandant replied, citing that the permission granted for their erection was with the understanding that "these structures were to be removed by your Company or left for Government use, as determined by the Government," and concluding, "please

126

be informed that these structures are considered Government property and as such you will have no further redress or claims to them."

■ It seems apparent from the foregoing recital that plaintiff is not entitled to recover. The buildings were erected on Government property by permission of the officer in charge of it. This officer had the right to refuse permission for their erection or to grant it on such conditions as he saw fit. It was granted on condition that "you will remove these quarters or turn same over to the Government as directed." I will let you erect the buildings, said the Commandant, with the understanding that if the Government wants them after you are through with them, you will turn them over to it, or, if it does not want them, you will take them away.

This being the agreement, the Government was well within its rights in taking them.

■ It is true plaintiff testified that it relied on the statement to it of Lieutenant Wadsworth, the resident officer in charge of the work, that the Government had required this same condition of all other contractors, and that they had never "confiscated" their property and had no intention of "confiscating" its property; but this officer had no authority to grant permission for the erection of these houses, and he had no authority to speak for the officer who did have the authority. When the officer with authority granted the permission, he did so on the condition that plaintiff should "remove these quarters or turn same over to the Government as directed." In this there could not be detected the semblance of a promise to permit plaintiff to remove them if the Government wanted to keep them.

Plaintiff is not entitled to recover. Its petition will be dismissed. It is so ordered.

MADDEN, JONES, and LITTLETON, Judges, concur.

WHALEY, Chief Justice, took no part in the decision of this case.